The next case this morning is 5-2-3-0-4-2-6 Feezel v. Prenzler. Arguing for the appellant is Keith Short. Arguing for the appellee is Christy Coleman. Each side will have 15 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Good morning. Morning counsel. Can you see us? Just for clarification, can you see us? I can, your honor. Okay, we just can't see you. We can hear you but cannot see you. Again, my apologies. I don't know technology well at all, so I apologize. Before we begin, I do want to mention how much we appreciate our clerk Courtney getting this all set up by Zoom. Usually we have a month to set up the Zoom and send out the Zoom invitations and because of the the justices met yesterday and decided we would convert to a Zoom hearing today and Courtney set that up on short notice, so we appreciate Courtney taking care of us in that fashion. Mr. Short, if you're ready to proceed, we will let you begin. I am, your honor. Thank you. I also appreciate that. Counsel and I have a long way to drive to get to the court, so this is a true appreciative situation. As you know, your honor, this case deals with two grantings of summary judgment by the circuit court regarding a retaliatory discharge and wrongful discharge situation for a 28-year employee of Madison County. I was told that the court, someone sent me a message yesterday saying the court is often aware of the facts and doesn't want a long recitation of them. I don't know if that's the case or not. I've read the briefs and we're familiar with the facts. I think we want to jump maybe first thing though into, and maybe Mr. McCain wants to address this, but the issue of whether we even have jurisdiction because there is still a count surviving and if there's a count surviving that seems to overlap these other counts, do we even have jurisdiction? Shouldn't that underlying count take priority? Is there a final appealable issue then? I guess that's what it boils down to. Well, that's interesting. I'm a trial lawyer. I'm not a scholar. Let me think for a moment because my brain is not that fast. It would seem that you would because I think these are dispositive of actual rights of my client. The Supreme Court has said that he has these rights to not have retaliatory discharge actions taken against him. While there is still a count, there are elements of factual issues that would be relevant say for instance in the retaliatory discharge count that might not be as relevant under count three which is the wrongful termination count. I think if you had a trial you would have facts that would be admissible in one yet not admissible in the other and the simplest way to do that would be to ensure that there was one hearing that considered all aspects. So I don't know how we could go forward on the one remaining count one without litigating counts two and three. I can give you a quick for instance in the wrongful termination count three count that really is a procedural issue where when we argue that the the policies and procedures of the personnel code of the defendant were not followed. So therefore the underlying issue is about you know was he was he engaged in whistleblowing or was he engaged in bullying none of that would be terribly relevant to account three which involves these situations of contractual right or not right. Now I want to say right off the bat I don't know what the court's conclusion are and whether this constitutes a contractual right. I do know that there is case law out there including the doldalvo I cannot help pronounce it d-u-l-d-u-l-a-o-v I think case which says that employer must follow its own policy. So your honor to address your question we could end up with the situation where relevant issues for count three wouldn't be brought up in count one and similarly I'd want to argue count three at the same time I was already in count one because it's all dispositive with this idea that chairman Prenzler has acted like a unit and a dictator for one of a simpler word he has taken it upon himself to exercise the authority that he doesn't have in fact I don't believe he even any longer is allowed to have by the county but that's a separate issue. It just seems like there's going to be some overlap between counts two and three and overlap with one and if we issue a decision in counts two and three we're in effect giving an advisory opinion to the court on how the trial court on how they should rule in count one which we're not I don't know I mean I certainly understand that what you're saying but I don't know that that reaches that conclusion because all you have to say is do have we met the elementary pleading requirements or proof requirements to get into the courtroom so for instance on this issue of whether or not in count two oh my goodness I think I just my camera just clicked on your honor so for instance in count two the issue of whether there is a public policy that's a legal question for you to decide public policy is is clearly legal based on what the courts have told us but the constitution of what's retaliatory discharge is a fact question so I'm not sure if we've met ultimately a court or a jury is going to agree that we we're going to be able to prove retaliatory discharge because he was reporting this to his employer but have we met the minimum criteria to get in the courtroom of course we I think we have and I don't think that's dispositive of anything it's simply saying we are entitled to our day in court I don't know if that helps address the situation or not I'm not sure we'll consider that later but go ahead and proceed with the rest of your argument then okay so I'm going to handle them count two first count three second because I think that's the natural progression of the case so the first question is the court decided that there was insufficient evidence to establish that my client was a whistleblower and that was the basis of his termination and the court cited that my client had a diary where he had mentioned one time that he had complained or mentioned to his employer that these employees below him weren't satisfactorily doing their job well that that's not the totality of evidence the evidence also included the not only in my client's testimony but his supervisor Mr. Gavillo said that he he was getting pushed back from the employees Adam Walden a gentleman whose deposition I took said the employees were not receptive to being told where they had to be and the way it was being enforced so the judge's automatic conclusion on these issues of fact you know that clearly we we have more than enough evidence to get in the courtroom and that was viewed entirely too narrowly for the defendant so so the question becomes was he engaged in public policy and and was a publicly protected activity and did they retaliate against him for that well his boss tells him we want people to be these these employees to be working and earning their money we want them to be where they're supposed to be they're working on roads and bridges and and he was told to enforce those policies that created backlash the backlash led to Adam Walden's quote unquote anonymous letter all of these are the right elements that are necessary according to what the case law says and I have a ton of it in front of me and what we have to prove to get it to court and fertile to a discharge assuming that the court agrees that that's a public utility it's a public necessity it's a public service to make sure that the roads and bridges are being built correctly and that the taxpayers money is being used appropriately now whether my client was actually a fact or a trier effect to decide in fact there was there's a case that I wanted to specifically point out where the court says the Supreme Court says quote on the other hand the element of retaliation which involves causation and motive is factual in nature and generally more suitable for resolution by the trier effect so have we satisfied what we need to to get into a courtroom well we have um Mr. Gavillo saying I didn't think he was a bully I've never seen him bully and that's his boss we have uh Mr. Adler and Mr. Hume who worked directly for the defendant Mr. Prenzler who said I didn't think uh you know he should have been fired or terminated now that may go to count three but we have this issue of is forcefully telling an employee to do your job without cursing at him without physically intimidating him is that bullying or is that simply him doing the elements of the job he was instructed to do and we would argue that clearly is that in fact during my deposition with Mr. Walden I specifically asked him can you tell me what you consider bullying and the defense counsels objected saying well that's vague and I said no kidding that's why we're here because your policy your your handbook simply says bullying we don't think that constitutes bullying your client apparently thinks being hollered at does constitute bullying he was discharged for this alleged conduct I think the jury gets to decide if that was in fact bullying or not or if what we would allege is all of this was mass nations to give Mr. Walden a raise and uh and uh and uh give him an employment opportunity that wasn't available to him Mr. Walden is Mr. Prenzler's fellow church member Mr. Walden gets a massive raise fifty thousand dollars after my client is discharged there's a lot that goes into this issue of the motives as the court said and the reasons for the discharge all of that should have gotten to a jury oh they should get to decide if Mr. Prenzler's actions were retaliatory or he or he was using the law to his as to this issue of public utility the court knows what they think is a useful public policy or not was he a whistleblower clearly was he fired for doing his job his job was to enforce the rules and those guys got mad and they used this machination to try to affect that change so that leads us to count three unless there are questions regarding count two okay if there's not count three which is termination or wrongful firing they you know this is the interesting one because i do want to point out something specific that may not have been previously well and well described um the court talked about this sort of disclaimer provision within the handbook that says it doesn't the handbook itself does not promise or provide upon the employee these rights of employment um well the problem is the the my client was fired pursuant to supervisory personnel policy which contains no such disclaimer my client received a letter from hit Mr. Adler who was the chairman executive director for the county Mr. Adler says to my client quote if you want to know what will happen here then defer to the employee handbook and follow the progressive disciplinary policy well the grievance policy for supervisors has it laid out how he should have been terminated if he was to be terminated at all it says he is to file the grievance or the grievance to be taken against him that is supposed to go to the county board that oversees that department which is the transportation department which goes to the board personnel committee and then to the board executive committee of the what we had was a gentleman Mr. Prenzler who says I'm going to use the handbook as a basis for terminating this gentleman but I'm not going to follow the policies procedures associated with that handbook which is the grievance supervisory actions for people like my client it's also important to note and by the way that's in the record it's in c458 the actual grievance policy the other thing that's important to remember is that at one point in a pre-disciplinary document it says and this is what the document to my client says it says quote Madison County is committed to the to the progressive discipline process your right to do process is important consult your collective bargaining or the grievance policy outlined in the personnel policy handbook well the one that applies to him does not have that disclaimer saying that does not guarantee him certain rights we're not saying he's entitled to have his job as a matter of right and we're not suggesting that there's any contractual such agreement what we're saying is that the law says if they are going to write a policy which my client works pursuant to and had for decades work pursuant to that they should have to abide by that policy Mr. Prenzler didn't do that Mr. Prenzler ignored all of these things he ignored the recommendations of Mr. Gavillo of Mr. Hume of Mr. Adler all of whom worked under him and all of whom said we thought this would be a disciplinary process that he might get reprimanded or he might get um I don't know reassigned I think there's three levels of it that could have occurred none of that happened and the law is very clear on this issue is and that's the um that's the Dodalo case where it says if you're going to have this policy and you expect your employees to behave pursuant to the policy then you have to behave pursuant to the policy and he didn't do that so we think that we've more than established count three in addition to count two and um what we have here I wish I could look at you and see and looking in the eyes I've known some of you for a long time what we have here is a gentleman who became chairman and decided to uh exercise the county as though it's his own fiefdom and he has ignored policies that have worked well for our county for decades he immediately disregarded everything in the employment policy which my client is subject to and which was the basis of his determined of his termination and we think count three should stand especially since particularly since that exclusionary provision does not exist in this separate handbook that deals with supervisory people like my client your honor I think that we've expressed everything we need to express within the confines of our briefs I'm happy to answer any questions but I don't want to belabor this issue with the court okay thank you Mr. Short justice buoy questions no thank you justice mckinney no questions thank you you have an opportunity for rebuttal shortly Mr. Short Ms. Coleman are you ready to proceed? Ms. Coleman are you ready to proceed? Yes your honor may it please the court my name is Christy Coleman and I am here representing the appellees Kurt Prentzler and Madison County the appellant requests the court reverse the grant of summary judgment as the appellee on the basis that his termination in 2017 was a direct result of the complaints contained in a diary from 2015 which is the only evidence that the appellant presented before the trial court of his supposed whistleblowing activities the trial court was not persuaded that the two-year gap between the appellant allegedly reporting instances to his supervisor and the 2017 anonymous letter which triggered the Madison County investigation into the appellant's behaviors was sufficient to preclude summary judgment in the appellate's favor the court should affirm the trial court's order because there is no issue a genuine issue of material fact regarding the appellant's ability inability to approve each element of both counts two and count three the standard for summary judgment of course is that the pleadings depositions and admissions on file together with all affidavits show there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law even on summary judgment the court is not required to draw every requested inference that they that the plaintiff may ask they can only draw reasonable ones that being said the trier effect in this case did conclude that there was sufficient evidence already in the record to support dismissal of counts two which is the retaliatory discharge in violation of public policy count and count three which was the wrongful termination which is essentially as Mr. Schor articulated a violation of the handbook I would know what is your response to the jurisdiction argument so that's a very interesting question so we have the trial court did amend its order to conclude that the order dismissing counts two and three what were appealable orders but you're absolutely right some of the facts do overlap however if you look at the court's order which denied the granting of summary judgment as to count two it uh the court did uh articulate that the remaining issue to decide in that particular count uh was whether or not Mr. uh Fiesel's Ms. Coleman I don't know if Mr. Schor is still there he he popped on the screen then he disappeared so Mr. Schor are you still I am your honor I just muted myself I don't know what's going on with the cameras you may continue then Ms. Coleman I'm sorry thank you the trial court did articulate that the remaining issue to decide was whether or not Mr. Fiesel's reporting of instances in 2015 to his direct supervisor was sufficient to give Mr. Prenzler and the board notice so as to constitute um a a an action that could lead way to a whistleblower count also whether or not the timing in between so that the trial court very much uh focused on the timing between Mr. Gavillo's sorry I'm sorry Mr. Fiesel's reporting of conduct to his supervisor Mark Gavillo and and notably whenever Mr. uh Fiesel supposedly reported these issues to his supervisor in 2017 the only evidence of which is contained within his own diary that he prepared presumably as part of the litigation but it outlined conversations that he had with Mr. Gavillo regarding two employees Mr. Biondi and Mr. Fuller not notably not about Mr. Walden who was the author of the 2017 anonymous letter that got sent to Chairman Prenzler regarding um not how Mr um not how Mr. Fiesel uh supervised Biondi and Fuller but actually how Mr. Fiesel treated Adam Walden so that two-year time gap the trial court correctly found was way too long of a gap to show that the timing of the investigation was directly related to the 2015 reporting of instances by Mr. Fiesel and the court should also note that if you review Mr. Fiesel's diary that outlines what all he told his supervisor in 2015 none of the things that he reported arise to the level of a violation of the level of whistleblower activity Mr. Short asserted that it was quote-unquote clearly whistleblower activity but that's actually not clear that's something that the trial court will have to determine relating to count one so the activities that Mr. Fiesel relayed to Mr. Gavillo do not and actually amount to what would rise level whistleblower activity considering they do not amount to criminal reporting of criminal activities or inappropriate activities the record also reflects in Mr. Fiesel also candidly admitted in both his depositions and his request to admit that despite his complaints to Mr. Gavillo about the conduct exhibited by Mr. Fuller and Mr. Biondi he never once disciplined those individuals they completed their projects on time he never requested the termination of them so if the conduct was so so egregious why wouldn't he as their supervisor have recommended disciplinary action be taken against them so notably nowhere in Mr. Fiesel's rebuttal to the notice of pre-disciplinary meeting that notice by the way was issued to him on March 16th of 2017 he then gave a written rebuttal to the allegations that of bullying on March 27 2021 through his counsel in that rebuttal which is multiple pages long you can see it it starts on the record on appeal page 795 nowhere in his rebuttal even then does he discuss wasting of public expenditures or criminal activity or any type of activity that would rise to a violation of public policy so that then that was something that the trial court also examined in trial court after reviewing what Mr. Fiesel said in his in his written rebuttal and after reviewing the deposition transcripts determined that there was no cause of relationship between those there was no genuine issuance material fact there was no causation established i would like to also address Mr. Fiesel's sorry counsel's assertions about the motive for terminating Mr. Fiesel having been somehow related to the religious affiliation of Mr. Fiesel's replacement that is not something that is before this court and in fact is not something that was even asserted in the complaint itself so that is that is a bit of a red herring um counsel asserted uh that his client was sorry that we did not have we did not establish that his client was a bully and that there is some type of a very vague definition of bullying it's all very subjective but in fact the employee above does give particular examples of what can constitute bullying and Mr. Fiesel admitted in his deposition transcript that he did in fact do a lot of those examples of conduct and the trial court said that that was sufficient to support his termination notably of course he's an at-will employee he admitted that he has no contract he was given no specific duration of employment he admitted he is not a member of a union and so therefore he has no contractual right to continued employment as far as what type of due process rights he may have the trial court correctly found that even under Loudermill it doesn't apply because in in Loudermill that particular board policy did guarantee specific due process rights in this case in bar however your honors we actually gave Mr. Fiesel more process than was due him and that we gave him written notice of the allegations before him and he had an opportunity to respond to them in his responses he did not adequately address the issues of bullying as found by both the investigator Mr. Adler the chairman Mr. Prenzler the entire board of Madison county and the trier of fact in this case the order of events of course isn't is important and the prior fact in this case did correctly decide that the two-year time gap between the 2015 reporting of instances to Mr. Gavillo and the 2017 investigation and subsequent termination of Mr. Fiesel was too long of a time the court also correctly found that in whistleblower actions i'm sorry retaliatory discharge actions where the whistleblowing activity comes after notice of an alleged i'm sorry of a composed employment action it's not sufficient to constitute retaliation uh so the trial court was correct on that conclusion as well plaintiff admitted i'm sorry plaintiff said that he adequately reported violations of new policies and procedures to Mr. Gavillo um i'm again referring to that diary and the record on appeal starting at page 888 is his diary um he remained there employed there for two more years there are no facts that he reported any resistance about enforcing a new alleged policy consistently from 2015 to 2017 although plaintiffs would argue that his diary was wholly unrelated to a whistleblower claim his diaries is in fact the only evidence of his alleged concerns within other employees work performance and in those two years there was of an intervening event plaintiff's bullying of other madison county employees notably adam walden who was not the subject of any of Mr. Fiesel's alleged reporting of 2015 performance violations and again Mr. Fiesel reporting performance violations does not rise to the level of whistleblower activity nowhere in his reporting of issues to his supervisor does he report that any employee of the madison county highway department committed any type of criminal activity including theft or waste of the public taxpayer dollars nor does he allege even that they violated policies he just simply wasn't happy with how they were doing their jobs and yet he still did not discipline them although he had the authority to do so as their supervisors um in the collins case the court of appeals held that the employee must identify a clear and specific mandate of public policy as opposed to just a broad general or vague statement that does not provide specific guidance or is prone to multiple interpretations to support a claim for retaliatory discharge what we have here is Mr. Fiesel just simply making a vague accusation or allegation that he reported wrongdoing to his supervisor but he the such wrongdoing again does not rise to the level of a specific mandate as a public policy and therefore the trial court's decision to dismiss out count two was supported by the evidence in the record with regard to the wrongful termination case again wrongful termination count which is count three the employment relationship at will can be terminated for cause or for no reason at all had Mr. Prenzler as chairman of the board decided he just simply didn't like the color of Mr. Fiesel's shoes that day he could have written him a letter and verified and there would have been no recourse for Mr. Fiesel and the only way that he would have been able to overcome that is to say that he was actually terminated for an illegal reason which again goes to the facts that are articulated in count three which the court also dismissed a personnel manual is not reasonably interpreted as an offer of employment when it contains language that claims the creation of a contract and despite counsel's assertion that these supervisory policies are somehow a standalone policy and they are the only ones that apply to plaintiff that is simply not true and Mr. Fiesel acknowledged in his personnel record which is part of the court's record on appeal that he would comply with the general personnel policy handbook as well as the supervisory policies so he acknowledged that he received the disclaimer and that it in also notably the court in its first granting of summary judgment did dismiss Mr. Fiesel's claim for a breach of contract on the same grounds by your honors i don't i haven't asked any questions that so i want to make sure that i leave time for that but at the same time again like Mr. Schwartz i don't want to belabor the issues so in conclusion at the trial court level the appellant did not develop any genuine issue of material fact for which the trial court could have ruled in his favor the record is clear that appellant did not report any alleged wrongdoing to the persons who ultimately discharged him appellant's assertion that appellee terminated him because of his alleged whistleblowing activities directly contradicts the depositions the affidavits and the trial court's order instead appellant was rightfully terminated because he violated madison county bullying policies which he received upon hire and he was fully aware of at all relevant times facts that he admitted his deposition appellant was an at-will non-union employee who was terminated for cause even though again we were not required to have cause to terminate him he was not entitled to progressive discipline and couldn't it could be discharged for any reason or no reason so therefore because there remains no genuine issue of material fact the trial court did properly dismiss counts two and three of appellant's complaint and this court should affirm that decision thank you thank you miss coleman justice buoy do you have any questions no questions thank you justice mckinney no questions thank you your honor it's a short rebuttal thank you your honor um well i'm going to start with pointing out i do agree with what counsel said about the order of events is very important and and i am going to give some historical perspective before i address the final legal argument the order of events is very important because what we have is a 28 year employee who had never had an allegation of bullying against him and he supervised men for years 28 years never had one and then mr prenzler gets elected and his friend irrespective of where he knows his friend from comes forward with an allegation of bullying and that's when i take his deposition is all relevant to the performance of the employment and the requirements of my client's boss to have the policies and procedures of the county enforced so all of this ties together back to mr fuller and mr beyond you that are mentioned in the diary this is an ongoing issue between these employees and my client because he's making them do their work he's making them in fact be where they're supposed to be and important things like oh we had one employee who claimed he was working when he wasn't working he was out shopping for a home we had employees who were stealing time from from the county and we had employees who were not where they're supposed to be when bridges were being built and inspected all of this is a continuum so the only thing in the order of events that changes is the election of mr prenzler and then an effort to find a way to get this gentleman fired and what happens is mr walden comes forward and says he's been bullying me he's been bullying me well what he's actually been doing is making you do your job he has not bullied you in front of co-workers he has not berated you with curse words he's taken you aside and chewed you out for not doing your job which he was told to do by his employer they use this artifice of this anonymous letter to to create a scenario where they could fire him and retaliate against him for doing his job mr president this is what's really important when we talk about the order of events there's something i wish i could express to you that my frustration with mr prenzler answered this complaint by saying that he did receive an anonymous letter and that was the genesis of this of this firing my client's discharge was this anonymous letter now historically the county doesn't investigate anonymous complaints but he changed the policy um he didn't he didn't uh file the grievance policy but when i took mr prenzler's deposition and i asked him well tell me about this anonymous letter that you received he acted as though he'd never heard of it he literally says i've never heard of it so that makes you wonder about the veracity of the people who are engaged not not with counsel i have zero issues with counsel but the the veracity of the people who are providing information that is relevant to what happened to my client my client was discharged after 28 years on a trumped up allegation and that allegation is related directly to his his enforcement of the policies of our county he was fired for enforcing the policies of our county he was retaliated against for being a whistleblower and then when he had the opportunity to effectively represent himself through the grievance process that is part of the personnel policy that applies to him that was denied to him by mr prenzler the same gentleman who says i don't know what any anonymous letter is about i never heard of it yet in his interrogatories says i received an anonymous letter all of this belongs in front of the jury this is why the jury system exists to ferret this out my client had rights he had a right pursuant to this policy he had a right to have his day in court and this defendant has taken every every every single opportunity it has to twist and manipulate a system to deny him those rights we believe counts two and three should be reversed and sent back to the trial court do you have any evidence of your client being a whistleblower other than the 2015 reporting of his co-workers as as referenced in his diary i mean he he kept working for two years if that's the only evidence he has a complaint was made in 2015 and he's discharged in 2017 so is there any other evidence of him being a whistleblower other than that well but yeah we have his employer mr uvillo acknowledging that he did come to him and say these guys aren't doing their job and when when did that occur uh you know i um well that was between this two-year period but also what's the change your honor the change is nothing changed in reality what changed was then mr prensler gets elected and now they see a golden opportunity and and and the court the lower court wants to act as though well you should have kept documenting and kept documenting him that's not the way the world works at all he he had his he talked to his boss about these guys he tried to work with them he never tried to punish them in an inappropriate way he wanted them to do their jobs they didn't like it they got their guy elected and they got him out that's the that's the political reality of what we're facing the legal reality is we proved everything we needed to get in the courtroom and we just been denied our chance all right thank you mr shore thank you your honor thank you all of you all right we appreciate your arguments and we've read the briefs already we'll consider those we'll take the matter under advisement and issue a decision in due course